STATE, WILLIAM HORNBY ET AL., PROSECUTORS, v. THE COMMON COUNCIL OF THE CITY OF BEVERLY.

The common council of the city of Beverly has no authority to proceed with the acquisition of water-works, under the " Act to enable cities to supply the inhabitants thereof with pure and wholes me water," approved April 21st, 1876, (*Rev.*, p. 720,) until the voters of the city (besides assenting to said act,) have also directed the sum to be raised, by loan or by tax, for defraying the expense of supplying the city with water, pursuant to the twelfth section of the city charter.

---

On *certiorari*.

Argued at November Term, 1885, before Justices DEPUE, VAN SYCKEL and DIXON.

For the prosecutors, *Mark R. Sooy.*

For the defendants, *H. Flanders.*

The opinion of the court was delivered by

DIXON, J. The legal voters of the city of Beverly having assented to the " Act to enable cities to supply the inhabitants thereof with pure and wholesome water," approved April

21st, 1876, (*Rev., p.* 720,) the common council of the city thereupon proceeded to adopt resolutions for the construction of water-works. The authority of the council to do so is questioned by this *certiorari.*

It will be noticed, on reading the act just mentioned, that some of the powers granted by it are devolved expressly upon the board of aldermen, council or other legislative body of the city, while others are conferred on the city generally. Among these latter is that delegated by section 7, of borrowing the sum required to defray the expenses of acquiring and constructing the water-works, which evidently includes the power of determining how much money shall be raised for the purpose indicated.

The act does not itself point out the body which is to exercise the powers conferred upon the city generally, and therefore to determine in whom such powers are vested, resort must be had to the other legislation affecting the city.

The charter of Beverly (*Pamph. L.,* 1857, *p.* 430,) confers on the common council no independent authority whatever to raise money for water-works, and limits its power to borrow money for any purpose, except the payment of antecedent debts, to the amount of $3000. But the twelfth section declares that it shall be lawful for the voters of the city to direct to be raised by loan or tax, from year to year, such sum or sums of money as they may deem expedient for defraying the expense of supplying the city with water, and loans so directed to be raised shall then be carried out, on the best terms they can obtain, by the common council of the city.

Taking these provisions in connection with the act of 1876, we think it appears that the authority to raise money by loan or tax for the acquisition of water-works is dependent upon the voters directing what sum shall be appropriated for that object, in accordance with the city charter, and that such a direction is necessary before expenses are incurred towards accomplishing the purposes of the act.

For this reason the proceedings of the council particularly mentioned in the writ of *certiorari* must be set aside.